Filed 10/5/21  P. v. Perkins CA1/5

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOHN PERKINS,<br><br>        Defendant and Appellant. | A162240<br><br>(San Francisco County<br>Super. Ct. Nos. SCN 165897, CT<br>1674512)<br><br>ORDER MODIFYING OPINION;<br>NO CHANGE IN JUDGMENT |

BY THE COURT:

The opinion filed October 1, 2021 is modified as follows:  In Section II, on page 6, the sentence that reads "To the contrary, the court acknowledged appellant's age was 'the most protective did court say protective or predictive? Factor' in avoiding re-offense, but the court explained in detail why it did not consider that factor dispositive given appellant's physical vigor, his lack of insight, his "psychopathic traits," and his pattern of inappropriate contacts with female prison staff" is deleted.  The following sentence is inserted in its place:  "To the contrary, the court acknowledged appellant's age was 'the most protective factor' in avoiding re-offense, but the

1

court explained in detail why it did not consider that factor dispositive given appellant's physical vigor, his lack of insight, his 'psychopathic traits,' and his pattern of inappropriate contacts with female prison staff."

The modification does not affect the judgment.


Date: _ 10/05/2021 _ ___ JACKSON, P.J. ___P.J.

Filed 10/1/21  P. v. Perkins CA1/5 (unmodified opinion)
**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOHN PERKINS,<br><br>    Defendant and Appellant. | A162240<br><br>(San Francisco County<br>Super. Ct. Nos. SCN 165897, CT 1674512) |

Defendant and appellant John Perkins ("appellant") appeals following his resentencing under Penal Code section 1170, subdivision (d)(1).[1]  He contends the trial court abused its discretion in reducing his sentence to 25 years to life, rather than following the District Attorney's recommendation to reduce his sentence to a determinate term, which would have resulted in his release.  Appellant has not shown error.

FACTUAL BACKGROUND

We quote the factual background as stated in this court's 1999 decision in the underlying criminal case, *People v. Perkins* (May 10, 1999, A082050) (nonpub. opn.):  "On September 30, 1996, Alexander F[.] was standing on a street in San Francisco waiting for a bus, when appellant approached him

---

[1] All undesignated statutory references are to the Penal Code.

1

and asked for money.  [Alexander] said he would give appellant a quarter, but appellant said that was not enough.  He threatened [Alexander], saying, 'I have a gun and I'll blow your head off.  I want all of your money.'

"[Alexander] gave appellant the four or five dollars he had, but appellant demanded more.  [Alexander] then gave appellant his change, but appellant still was not satisfied and he demanded [Alexander]'s watch. [Alexander] complied.  Appellant demanded money again, but [Alexander] did not have any so he told appellant he would have to kill him if he was not satisfied.  Finally appellant left.

"[Alexander] notified the police, who, using a description [Alexander] provided, stopped appellant nearby.  A show-up was conducted where [Alexander] identified appellant as the man who had robbed him.  Appellant had [Alexander]'s watch in his possession."

PROCEDURAL BACKGROUND

In December 2020, appellant was 72 years old and serving a sentence of 40 years to life for the second-degree robbery (§§ 211, 212.5, subd. (c)) that he committed in 1996.  The length of the sentence was due to the circumstance that appellant had, at the time of the robbery, multiple prior serious felony convictions that constituted "strikes" under the Three Strikes law (§§ 667, subds. (a)-(i); 1170.12).  The San Francisco County District Attorney petitioned, pursuant to section 1170, subdivision (d)(1), for appellant's sentence to be recalled and for appellant to be resentenced to a determinate term and released.  Appellant's counsel supported the request and provided supporting documentation.

In January 2021, the trial court recalled appellant's sentence and resentenced appellant to a term of 25 years to life.  The court scheduled a

hearing for February to consider a further reduction to appellant's sentence, but, following the hearing, the court declined to further reduce the sentence.

The present appeal followed.

DISCUSSION

Generally, "a trial court is deprived of jurisdiction to resentence a criminal defendant once execution of the sentence has commenced." (*People v. Karaman* (1992) 4 Cal.4th 335, 344.) Section 1170, subdivision (d) is an exception to this rule. (*Dix v. Superior Court* (1991) 53 Cal.3d 442, 455 (*Dix*).) It provides in relevant part that, when a defendant has been sentenced to state prison, "the court may . . . at any time upon the recommendation of the . . . district attorney of the county in which the defendant was sentenced, recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, provided the new sentence, if any, is no greater than the initial sentence." (§ 1170, subd. (d)(1).)

Section 1170, subdivision (d) "permits the sentencing court to recall a sentence for any reason which could influence sentencing generally, even if the reason arose after the original commitment. The court may thereafter consider any such reason in deciding upon a new sentence. After affording the victim the right to attend sentencing proceedings and express his or her views (§ 1191.1), the court may then impose any new sentence that would be permissible under the Determinate Sentencing Act if the resentence were the original sentence." (*Dix, supra*, 53 Cal.3d at p. 463.) "The court may consider postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that

3

circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice." (§ 1170, subd. (d)(1).)

We review the trial court's resentencing determination for an abuse of discretion. (*People v. Carmony* (2021) 33 Cal.4th 367, 376; *People v. McCallum* (2020) 55 Cal.App.5th 202, 211.)[2]

I.    *Background*

Appellant's brief below in support of resentencing emphasized his age and his medical conditions, including, among other conditions, that he was blind in one eye and had hypertension that caused swelling and pain in both of his feet. While in prison, appellant had participated in education programs, held jobs, and completed various programs—including, among others, programs on alternatives to violence, controlling anger, and Narcotics Anonymous. Appellant had been "clean and sober" for 18 years. Appellant had no rule violations in the prior three years, and no violations for 16 of 23 years in custody. Appellant had plans for re-entry into the community, including housing, a life coach, medical care, and assistance from a social worker.

---

[2] We reject appellant's contention that respondent is "estopped from arguing that the trial court properly refused to impose" a determinate term. Contrary to appellant's argument, respondent's position on appeal is *not* "inconsistent" with its position below. Although the District Attorney below recommended that the trial court impose a determinate term that would result in appellant's release, appellant points to nowhere in the record where the District Attorney suggested the court was legally obligated to do so— instead, the District Attorney effectively requested that the court exercise its discretion in that manner. There is no inconsistency in respondent arguing on appeal that it was not an abuse of discretion for the trial court to decline to do so.

4

Appellant's brief acknowledged appellant's record of multiple serious prior offenses (including rape, rape and assault with intent to commit murder, and attempted robbery), but argued appellant had been given a "low risk" score of 1 on the California Static Risk Assessment for recidivism. Appellant also pointed out that a forensic psychologist who recently evaluated him concluded he was "a low risk for sexual reoffense" and for engaging in violence or abusing drugs.

At the February 2021 hearing, the prosecutor identified similar factors to those identified in appellant's brief in requesting appellant's release.

At the end of the February 2021 hearing, the trial court denied the request to reduce appellant's sentence to a determinate term. The court noted that, despite his medical problems, appellant was "vital" and "pretty robust" for his age, doing exercises and running several times per week. The court observed appellant had an extensive and violent criminal history and had been "in and out of custody, mostly in custody for his entire adult life." Appellant had been diagnosed with antisocial personality disorder and had scored high on a measure of psychopathy—the court observed that in other countries appellant's score was high enough for him to be declared psychopathic. The court believed appellant had not fully acknowledged his responsibility for his offenses and lacked insight because his explanation of his prior offenses was "truly at odds with what the victims say." In prison, appellant had a "persistent pattern of sexually-tinged behavior, even in an institutional setting," including inappropriate contacts with a female staff member as recently as 2017. The court concluded, "for those reasons . . . I'm not willing . . . at this point to give him a determina[te] sentence. . . . And I certainly hope that [appellant] can present as well as he can at the parole board and see what they have to say."

II.     *Analysis*

Appellant argues that, "when [his] age is properly taken into account, the trial court's finding that appellant does well in an institutional setting but poses too great a risk of reoffense out in the community is not adequately supported by either the evidence or the policy of the law."  Appellant primarily relies on law from the parole context, where, as the California Supreme Court observed, "it is evident that the Legislature considered the passage of time—and the attendant changes in a prisoner's maturity, understanding, and mental state—to be highly probative to the determination of current dangerousness." (*In re Lawrence* (2008) 44 Cal.4th 1181, 1219–1220.)

We need not determine to what extent the caselaw from the parole context applies in review of a section 1170, subdivision (d) resentencing determination, because appellant has not shown an abuse of discretion, even assuming the reasoning in the cited authorities applies.  Appellant argues the trial court "failed to give proper consideration to the principle that criminality drastically declines with age."  To the contrary, the court acknowledged appellant's age was "the most protective did court say protective or predictive? factor" in avoiding re-offense, but the court explained in detail why it did not consider that factor dispositive given appellant's physical vigor, his lack of insight, his "psychopathic traits," and his pattern of inappropriate contacts with female prison staff.[3]  Even though the trial court's conclusion was different than the District Attorney's assessment, we

---

[3] Appellant disputes the trial court's analysis of those factors, but none of appellant's arguments demonstrate that the court's findings lack sufficient support in the record or that the trial court's ultimate determination was an abuse of discretion.

6

cannot say the court's ruling was irrational or arbitrary. (*People v. Carmony*, *supra*, 33 Cal.4th at p. 376.)

We similarly reject appellant's argument that it was improper for the trial court to rely on appellant's lack of insight regarding his offenses. Appellant again relies on authority from the parole context; in particular, the court in *In re Stoneroad* (2013) 215 Cal.App.4th 596, stated, "it is not enough to establish that the insight is deficient in some specific way; there must additionally be some connection between the deficiency relied upon and the conclusion of current dangerousness." (*Id.* at p. 630.) *Stoneroad* is distinguishable because the deficiency there was that the defendant was unable "to recall commission of his crimes" and there was no explanation "why this disability impairs his ability to understand the causes of the offense and shows he continues to pose an unreasonable risk to public safety." (*Ibid.*) The *Stoneroad* decision stated it was consistent with the Supreme Court's decision in *In re Shaputis* (2011) 53 Cal.4th 192 (*Shaputis*), which states, "we have expressly recognized that the presence or absence of insight is a significant factor in determining whether there is a 'rational nexus' between the inmate's dangerous past behavior and the threat the inmate currently poses to public safety." (*Shaputis*, at p. 218; see also *Stoneroad*, at p. 631.) Thus, the trial court did not err in finding that the "recent evidence of [appellant's] degree of insight" (*Shaputis*, at pp. 219–220) weighed in favor of a finding of continued dangerousness.[4]

---

[4] The *Shaputis* decision observed, "it is difficult to imagine that the Board and the Governor should be required to ignore the inmate's understanding of the crime and the reasons it occurred, or the inmate's insight into other aspects of his or her personal history relating to future criminality. Rational people, in considering the likely behavior of others, or their own future choices, naturally consider past similar circumstances and the reasons for actions taken in those circumstances. Petitioner's argument

Appellant has not demonstrated the trial court abused its discretion.[5]

## DISPOSITION

The judgment is affirmed.

_____

SIMONS, J.

We concur.

_____

JACKSON, P. J.

_____

BURNS, J.

(A162240)

_____

that the inmate's insight should play no role in parole suitability determinations flies in the face of reason." (*Shaputis, supra,* 53 Cal.4th at p. 220.)

[5] We need not and do not address appellant's passing assertion in a footnote that the trial court's ruling failed "to promote uniformity of sentencing" (§ 1170, subd. (d)(1)) because his counsel asserted that she had "rarely if ever seen a sentence as long as [appellant's] for similar conduct." Appellant provides no authority that or reasoning why his counsel's anecdotal assertion provides sufficient support for his argument.